```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
WALTER MONTEIRO,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 18-072 WES
                                   )
UNITED STATES DEPARTMENT OF        )
JUSTICE-DRUG ENFORCEMENT           )
ADMINISTRATION, ALIAS and          )
JOHN DOES I-V,                     )
                                   )
          Defendants.              )
_____)
                                   )
WALTER MONTEIRO,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 18-339 WES
                                   )
CITY OF PROVIDENCE, et al.,        )    (CONSOLIDATED)
                                   )
          Defendants.              )
_____)
```

**ORDER**

Plaintiff Walter Monteiro sued the United States Department of Justice Drug Enforcement Administration (the "DEA") and several unnamed agents.[1]  See Compl. ¶¶ 1-3, ECF No. 1.  The DEA now moves for summary judgment, and Magistrate Judge Lincoln D. Almond recommended granting the Motion.  See Def. Mot. Summ. J. ("Def.

---

[1] Plaintiff sued the City of Providence and several of its officers as well but has since dismissed those claims.  See generally Stipulation of Dismissal Entered in C.A. No. 1:18-CV-339, ECF No. 38.

Mot."), ECF No. 25; see also generally R&R, ECF No. 34. Plaintiff timely objected. See generally Obj. to R&R, ECF No. 36. After reviewing the papers and hearing argument, the Court ACCEPTS the recommended disposition over Plaintiff's objection and GRANTS Defendant's Motion for Summary Judgment, ECF No. 25.

Plaintiff does not dispute Judge Almond's rendition of the facts. See Obj. to R&R 1. His sole remaining claim sounds in negligence, and he brings it under the Federal Tort Claims Act ("FTCA").[2] Compl. ¶¶ 35-40. Assuming this focus, Judge Almond concluded that Plaintiff's failure to identify "expert evidence about the relevant standard of care for handcuffing an arrestee" was fatal because that evidence is "essential to Plaintiff's ability to establish that a breach of that standard took place." R&R 9-10. In objection, Plaintiff recasts his allegation as including not only the act of handcuffing, but also "being 'slammed' to the ground". Obj. to R&R 2.

The United States, through the FTCA, consents to suit for allegations of tortious conduct "caused by the negligent or wrongful act or omission of any employee of the Government". 28

---

[2] A threshold jurisdictional matter, the United States is the appropriate defendant in an FTCA action. See McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). The Court ACCEPTS and ADOPTS Judge Almond's recommendation to grant Plaintiff leave to substitute the United States as the proper party; Plaintiff's recently filed Motion to Amend Complaint, ECF No. 40, is therefore GRANTED.

U.S.C. § 1346(b)(1) (emphasis added); see also McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006) (recognizing the FTCA operates as consent to suit). Without a federal actor, the FTCA does not apply.

Pertinent to that point, discovery revealed these facts: Plaintiff testified that he does not know the name of the actor who slammed him to the ground, cannot describe him[3] (because he "never got a look at him"), and does not know if he was in plainclothes or a uniform, Def. Statement of Undisputed Facts ("DSUF") ¶¶ 9, 15, ECF No. 26; in a Rule 16 conference before Judge Almond, the government identified DEA Special Agent Alan J. Sims as the arresting agent, DSUF ¶ 30; in its initial disclosures, the government similarly identified Special Agent Sims as likely to have discoverable information because he placed Plaintiff under arrest, id. ¶ 31; and, as made clear in his testimony, Plaintiff does not know if the same actor pulled him from the vehicle, brought him to the ground, and handcuffed him, see Def. Statement of Disputed Facts Ex. A, 40:8-13, ECF No. 26-1; Def. Statement of Disputed Facts Ex. H, 98:11-25, ECF No. 33. Plaintiff took no depositions of his own (including of Special Agent Sims). He made no effort whatsoever to determine if Special Agent Sims was the

---

[3] Plaintiff said he does not know the actor's gender but used "he" for ease of reference. See W. Monteiro Dep. 27:12-17, ECF No. 26-1; Pl. Statement of Disputed Facts ¶ 5, ECF No. 29.

person who removed him from the vehicle. This left Judge Almond no choice but to focus on what facts were supported by the record, undisputed, and whether those facts could support Plaintiff's claim. Judge Almond appropriately focused on the "arrest" — the placing of handcuffs on Plaintiff as facts supported by the record.

This record simply does not support Plaintiff's broadened negligence theory. Plaintiff argues that it is reasonable to infer that a federal agent, as opposed to a local officer, was the alleged tortious actor. Even accepting that Special Agent Sims "was the Officer who restrained and cuffed Plaintiff", R&R 9, Plaintiff offers only speculation based upon non-record facts, presumably conversations with someone in the Providence Police, that convinced counsel it was not a Providence Police officer who removed Plaintiff from the vehicle. From this, Plaintiff says this Court may infer that a federal agent grabbed him by his shirt, lifted him, and slammed him to the ground. But this is plainly wrong. See Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 92 n.26 (1st Cir. 2020) (noting that "if the evidence in the summary judgment record is not enough to make an issue upon which the jury may reasonably differ as to whether the defendant's conduct caused [the] plaintiff's injury, summary judgment is appropriate" (citing Ricci v. Alt. Energy, Inc., 211 F.3d 157, 161-62 (1st Cir. 2000)); Town of Westport v. Monsanto Co., 877 F.3d 58, 66 (1st Cir. 2017) (recognizing that a plaintiff,

4

"entitled to the benefit of all reasonable inferences, [] cannot rest on 'conclusory allegations, improbable inferences, [or] unsupported speculation' to defeat a motion for summary judgment." (quoting McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)). It is Plaintiff's job to develop a factual record to defeat summary judgment, not the Court's job to make it up. When counsel was questioned why he did no discovery where minimal effort could have clarified the record, he replied he couldn't discuss it. Well, so be it. The record Plaintiff made is the record he has, and it is only enough to support a claim based on the handcuffing. And as Judge Almond correctly pointed out, such a claim under Rhode Island law would require an expert to establish the standard of care. Because the record cannot support this crucial inference, Plaintiff's negligence claim falls to summary judgment.

For these reasons, the Court ACCEPTS the recommended disposition over Plaintiff's objection, and GRANTS Defendant's Motion for Summary Judgment, ECF No. 25.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: August 31, 2020